UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

ROBERT LEE FOSTER, # 151207,　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　Petitioner,　　　)　　Case No. 1:07-cv-854
　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　)　　Honorable Janet T. Neff
　　　　　　　　　　　　　　　　　　)
WILLIE O. SMITH,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)　　**REPORT AND RECOMMENDATION**
　　　　　　　　　　Respondent.　　　)
_____ )

This is a habeas corpus proceeding brought by a state prisoner to challenge his conviction for first-degree murder. The habeas corpus petition challenges the conviction on the basis of insufficiency of the evidence and ineffective assistance of trial counsel. Respondent has filed an answer, supported by the state trial court and appellate records. After respondent filed his answer, petitioner filed a motion to stay these proceedings, to allow him to add two further, unexhausted claims after presenting them to the state courts. Respondent has not answered the motion, and the time for an answer has now expired. For the reasons set forth below, I recommend that petitioner's motion to be granted and the matter stayed.

**Discussion**

In his direct appeal in the Michigan court system, petitioner raised two claims. First, he asserted that his conviction should be reversed for insufficiency of the evidence. Second, he requested a new trial on the basis of ineffective assistance of counsel. The Michigan Court of

Appeals and Supreme Court rejected both claims. On August 30, 2007, petitioner filed his original

habeas corpus petition, within the one-year period allowed by 28 U.S.C. § 2244(d)(1). Petitioner

now seeks to raise two new claims, not previously presented to the state courts. First, petitioner

raises a new claim of ineffective assistance of counsel, based on counsel's failure to seek a

competency evaluation in light of petitioner's history of hospitalization for mental illness. In

addition, petitioner alleges that he was denied a fair trial by prosecutorial misconduct eroding the

presumption of innocence. Before the court may grant habeas relief to a state prisoner, the prisoner

must exhaust remedies available in the state courts. *See* 28 U.S.C. § 2254(b)(1). The exhaustion

requirement obliges a petitioner to "fairly present" federal claims to all levels of the state appellate

system, including the state's highest court. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995).

Petitioner admits that he has failed to present his new claim of ineffective assistance of counsel and

his claim of prosecutorial misconduct to any state appellate court.

Petitioner's proposed amendment of his petition to add two unexhausted claims

would create a "mixed petition," that is, one presenting both exhausted and unexhausted claims.

Under *Rose v. Lundy*, 455 U.S. 509 (1982), district courts are directed to dismiss mixed petitions

without prejudice in order to allow petitioners to return to the state courts to exhaust remedies. After

the habeas corpus statute was amended to impose a one-year statute of limitations on habeas claims,

28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas

review. This became particularly apparent after the Supreme Court ruled in *Duncan v. Walker*, 533

U.S. 167, 181-82 (2001), that the one-year limitations period is not tolled during the pendency of a

federal habeas petition. To prevent the loss of habeas claims, the Sixth Circuit adopted a stay and

abeyance procedure to be applied to mixed petitions. In *Palmer v. Carlton*, 276 F.3d 777, 781 (6th

Cir. 2002), the court held that when dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings pending petitioner's exhaustion of his state-court remedies.  In the subsequent case of *Rhines v. Webber*, 544 U.S. 269 (2005), the Supreme Court approved the stay and abeyance procedure that the federal circuit courts, including the Sixth Circuit, had adopted in the wake of *Duncan v. Walker*.  In *Rhines*, the Court recognized the district court's discretion to stay a mixed petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust and if petitioner's unexhausted claims are not "plainly meritless."  544 U.S. at 278.

The present case falls within the category of cases contemplated by the Sixth Circuit in *Palmer*.  The one-year statute of limitations has now expired, so dismissal of this case without prejudice to allow exhaustion would effectively preclude petitioner from returning to federal court on any claim after exhausting state remedies.  The two new habeas corpus claims raised in petitioner's motion do not appear to be plainly meritless, and respondent has raised no reason to believe that petitioner is proceeding in bad faith or is engaging in intentionally dilatory litigation tactics.  *See Rhines*, 544 U.S. at 278.

Petitioner's motion to stay should therefore be granted.  The *Palmer* court has given guidance concerning the length of such stays.  The court indicated that thirty days is a reasonable time to allow a petitioner to file a motion for post-conviction relief in the state court and that another thirty days is a reasonable time for a petitioner to return to federal court after exhausting all state appellate remedies.  *Palmer*, 276 F.3d at 781.  The order recommended by this report and recommendation incorporates the time limits suggested by the *Palmer* court.

**Recommended Disposition**

For the foregoing reasons, I recommend that petitioner's motion to stay (docket # 35) be granted and that the court enter an order including the following provisions:

IT IS ORDERED that this habeas corpus action is hereby stayed until petitioner files a motion to amend his petition to include any subsequently exhausted claims. This stay is conditioned upon petitioner's filing of a motion for relief from judgment in the Calhoun County Circuit Court pursuant to Mich. Ct. R. 6.500 within thirty days of the date of this order. Petitioner's request to amend his habeas petition in this court must be filed not later than thirty days after a final decision by the Michigan Supreme Court on petitioner's application for relief from judgment. The motion to amend the petition must include a description of the newly exhausted claims and the dates and substance of the decisions reached at each step of state-court review.

IT IS FURTHER ORDERED that if petitioner fails to comply with the deadlines imposed in this order, the court may dismiss the petition.

IT IS FURTHER ORDERED that petitioner must advise the court of any change of address during the pendency of the stay.

IT IS FURTHER ORDERED that this case is administratively closed until such time as petitioner files a motion to amend his petition in accordance with the procedure set forth in this order.

Dated:   January 5, 2009                           /s/  Joseph G. Scoville
                                                   United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).