UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LEE FOSTER,

    Petitioner,

v.

WILLIE O. SMITH,[1]

    Respondent.

_____/

Case No. 1:07-cv-854

HON. JANET T. NEFF

## OPINION AND ORDER

Petitioner filed this habeas corpus petition pursuant to 28 U.S.C. § 2254, presenting claims of insufficiency of the evidence (Claim I), ineffective assistance of counsel (Claims II & III), and prosecutorial misconduct resulting in an unfair trial (Claim IV). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R, Dkt 79), recommending that this Court deny the petition as to all claims. The matter is presently before the Court on Petitioner's objection to the Report and Recommendation (Obj., Dkt 80). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objection has been made. The Court denies the objections and issues this Opinion and Order. The Court will also issue a Judgment in this § 2254 proceeding. *See Gillis v. United States,* No. 12-3397, 2013 WL 4779112, at *2 (6th Cir. Sept. 9, 2013) (requiring a separate judgment in habeas proceedings).

---

[1]Mary Berghuis has been substituted as Respondent.

**Claim I. Sufficiency of Evidence at Trial**

Petitioner presents no specific objection to the Magistrate Judge's analysis of Petitioner's claim that the trial evidence was insufficient for conviction; he simply "reasserts that the evidence was insufficient and asks this court to review this issue *de novo*" (Obj. at 2). The Magistrate Judge thoroughly considered this claim. Petitioner points to no particular factual or legal error in the Magistrate Judge's analysis, and he is not entitled to general *de novo* review of the Report and Recommendation. *See* W.D. Mich. LCivR 72.3(b) (written objections "shall specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections"). Therefore, his objection with regard to Claim I is denied.

**Claim II. Ineffective Assistance of Counsel: Petitioner's Testimony**

Petitioner again presents no particular objection to the Magistrate Judge's analysis of Petitioner's claim that his trial counsel was ineffective for permitting Petitioner to testify in a narrative fashion. Petitioner merely "reasserts that the Michigan Court of Appeals [sic] was contrary to an unreasonable application of *Nix*[2] or any other Supreme Court Authority" (Obj. at 2). As with Claim I, Petitioner fails to demonstrate any error in the Magistrate Judge's analysis or conclusion. Petitioner's second objection is therefore denied.

**Claim III. Ineffective Assistance of Counsel: Competency Evaluation**

Petitioner argues that "Defense counsel was under the mistaken impression, and failed to investigate Petitioner's prior history of mental illness," including but not limited to, hospitalization at the Ypsilanti State Hospital for an extended period, from 1977 to 1979 (Obj. at 3). Petitioner

---

[2]*Nix v. Whiteside,* 475 U.S. 157 (1975).

asserts that he has presented enough evidence to generate a substantial and legitimate doubt about his mental capacity and, implicitly, that counsel was ineffective for failing to investigate this defense (*id.*).

Petitioner's claim of ineffective assistance, and his related assertions in his objections, were fully considered by the Magistrate Judge (R & R at 22-23). The Magistrate Judge noted that Petitioner's trial counsel sought and obtained a mental competency evaluation of Petitioner, and Petitioner was found competent to stand trial (*id.* at 22). The trial court accepted this determination, and the state court found Petitioner's claim of ineffective assistance completely without merit (*id.*). The Magistrate Judge noted that Petitioner offered no basis for questioning the state court's disposition of this claim or for his contention that counsel was ineffective for failing to request a second evaluation (*id.* at 22-23). The Magistrate Judge properly concluded that Plaintiff failed to demonstrate that counsel's conduct was unreasonable or that it prejudiced Plaintiff in any way. Therefore, Petitioner's objections related to Claim III are denied.

### Claim IV. Prosecutorial Misconduct

Petitioner quotes the Magistrate Judge's analysis of his claim for prosecutorial misconduct, and states "However, during trial, the Prosecutor continually and repeatedly referred to the alleged victim as the 'victim' and pointed his finger a few inches from Defendant's nose claiming 'he is a killer. He is a murderer'" (Obj. at 4).

Petitioner's one-sentence argument merely reiterates his assertions before the Magistrate Judge (s*ee* R & R at 23). Further, he provides no basis for his contention that the "cumulative effect of the error which took place at his trial depriv[ed] petitioner of his constitutional rights to a fair trial and due process of law" (Obj. at 4). Petitioner fails to point to any factual or legal error in the

3

Magistrate Judge's analysis. *See* W.D. Mich. LCivR 72.3(b). The Magistrate Judge properly concluded that the prosecutor's conduct did not render Petitioner's trial fundamentally unfair and that Petitioner was not entitled to relief on his claim of prosecutorial misconduct (R & R at 24). Petitioner's objection on Claim IV is denied.

**Certificate of Appealability**

Having determined that Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack,* 529 U.S. at 484. Upon review, this Court finds that reasonable jurists would not find the Court's assessment of Petitioner's claims of insufficient evidence, ineffective assistance of counsel, or prosecutorial misconduct debatable or wrong. A certificate of appealability is therefore denied.

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (Dkt 80) are DENIED, and the Report and Recommendation of the Magistrate Judge (Dkt 79) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (Dkt 46) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue asserted.

Dated: March 25, 2014  /s/ Janet T. Neff
JANET T. NEFF
United States District Judge